# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------------------x
TIMOTHY KREBS,

                           *Plaintiff*,

-against-

CHROMALLOY GAS TURBINE LLC,
CHROMALLOY, INC., SEQUA CORPORATION,
BRIAN COSTA, AND
THE CARLYLE GROUP,

                           *Defendants.*
------------------------------------------------------------------------x

**SUMMONS**

*Venue based upon Defendant's place of business: Orangetown, NY*

    *To the above-named Defendants:*

    **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff an answer to this complaint in this action within twenty days after service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

    The nature of this action is for damages, declaratory and injunctive relief, for the wrongful and unlawfully discriminatory termination of Plaintiff's employment and non-payment of a promised severance.

Dated: Stony Point, New York
          April 9, 2021

                                              /S /
                                            _____
                                            MICHAEL DIEDERICH, JR., ESQ.
                                            *Attorney for Plaintiff*
                                            DIEDERICH LAW OFFICE
                                            361 Route 210
                                            Stony Point, NY 10980
                                            (845) 942-0795
                                            Mike@DiederichLaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------------x
TIMOTHY KREBS,

                          *Plaintiff*,


-against-

                          COMPLAINT

CHROMALLOY GAS TURBINE LLC,
CHROMALLOY, INC., SEQUA CORPORATION,
BRIAN COSTA, AND
THE CARLYLE GROUP,

                          *Defendants.*
------------------------------------------------------------------x

        Plaintiff TIMOTHY KREBS, through the undersigned counsel MICHAEL D. DIEDERICH, JR., complains of the DEFENDANTS as follows:

### *THE PARTIES*

        1.     Plaintiff Timothy Krebs is, and was at all times relevant herein, citizen of the United States and a resident of the town of Warwick, County of Orange, State of New York.

        2.     Defendant Chromalloy Gas Turbine LLC, upon information and belief, is and at all times relevant herein was, a business corporation organized and existing under the laws of the State of New York, with corporate offices located at 330 Blaisdell Road, Orangeburg NY 10962, located in the Town of Orangetown, County of Rockland, State of New York.

        3.     Defendant Chromalloy, Inc., upon information and belief, is and at all times relevant herein was, a business corporation organized and existing under the laws of the State of Florida, with corporate offices located at 3999 RCA Blvd., Palm Beach Gardens, FL 33410.

        4.     Defendant Sequa Corporation, upon information and belief, is and at all times relevant herein was, a business corporation organized and existing under the laws of the State

of New York, with corporate offices located at 330 Blaisdell Road, Orangeburg NY 10962.

5. Defendant The Carlyle Group, upon information and belief, is and at all times relevant herein was, a business corporation organized and existing under the laws of the State of Delaware, with corporate offices located in Washington, DC.

6. Upon information and belief, Defendants Chromalloy Gas Turbine LLC, Chromalloy Inc., Sequa Corporation and The Carlyle Group (together "Defendant" or "Chromalloy"), are joint enterprises, joint employers and/or integrated employers and/or successors in interest.

7. Defendant Brian Costa, upon information and belief, is the President of one of Defendant's corporate entities, and aided and abetted in the wrongful termination of Plaintiff's employment, in violation of New York State law.

8. Chromalloy is an employer within the meaning of 42 U.S.C. § 2000e-(b).

9. Upon information and belief, Chromalloy, at all times herein relevant, been authorized to conduct business in New York State.

*FACTUAL ALLEGATIONS*

**A. Overview**

10. Plaintiff became an employee of Chromalloy on October 7, 1991.

11. Plaintiff is 63 years old.

12. Plaintiff suffered a stroke in 2014.

13. Defendant began scheduling and preparing for the shut-down of the facility Plaintiff had been working at, namely, Chromalloy Middletown (hereinafter "Facility"), located at 105 Tower Drive, Middletown, NY 10940, in or around 2019.

14. Defendant terminated Plaintiff's employment on or about May 3, 2019.

15. Upon information and belief, the reason for Plaintiff's termination was his age

and Chromalloy's perception and/or record of Plaintiff's ADA-qualifying disability, and Defendant's refusal to have an interactive dialogue regarding its perceptions regarding Plaintiff's prior stroke-related disability and continuing-yet-manageable impairments.

### B. Plaintiff's years with Defendant Company

16. For 27 ½ years, Plaintiff had worked for Chromalloy.

17. Plaintiff at all times viewed himself as a valued and trusted Chromalloy employee.

18. In 2012, when Chromalloy released the existing facilities manager at Facility in Middletown, New York, Plaintiff was offered to take over the position until upper management decided what they were going to do regarding the shut-down and closure of the Facility.

19. Defendant's management accepted Plaintiff's offer.

20. Plaintiff continued on as both Purchasing Manager and Facilities Manager at the Facility.

21. Plaintiff was paid no additional compensation for his increased work duties and responsibilities.

22. During his entire time working for Defendant, Plaintiff was an exemplary employee who had no disciplinary problems.

23. Chromalloy has acknowledged that Plaintiff was a "valued and long-term employee."

### C. Discrimination—Perceived Disability from a stroke

24. Plaintiff became completely disabled, temporarily, when he suffered a severe stroke (subarachnoid hemorrhage) in 2014.

25. This cerebral injury had severe immediate effects upon Plaintiff when the stroke occurred, but within a relatively short period of time Plaintiff fortunately substantially

recovered from most of the stroke's impairments with continuing-yet-manageable impairments.

26. After he felt he had sufficiently recovered from the worst impairments of the stroke, and out of a sense of loyalty and duty to Chromalloy, Plaintiff returned to work earlier than advised by his health care providers, in order to assist Chromalloy with its business activities.

27. However, upon information and belief, Chromalloy had developed biased perceptions relating to Plaintiff's medical condition and the effects of his stroke, which resulted in disability-related bias against him.

28. As further indication of disability bias, on more than one occasion, the HR Manager from Orangeburg stated that considering Mr. Krebs' health, she was concerned about him being at the Middletown Facility alone, and as a result, Plaintiff received visits by Chromalloy personnel on a fairly regular basis during 2019.

29. Additionally, because strokes are commonly associated with older workers, Chromalloy bias against Plaintiff also reflected age discrimination, and Defendant took adverse employment actions against Plaintiff because of his age.

30. Upon information and belief, while employed at Chromalloy, Plaintiff was significantly older (by much more than 10 years) that all other Chromalloy workers.

31. Accordingly, upon information and belief Plaintiff was discriminated against by Chromalloy on the basis of a) his age, b) his disability (or perceived disability(ies)) and also c) in retaliation for taking self-protective (and Chromalloy-protective) actions relating to his age and disability.

**D. Pretext to justify the Discrimination/Retaliation against Plaintiff**

32. Chromalloy has asserted the pretext that Plaintiff "resigned" his employment.

33. Plaintiff did not resign.

34. Moreover, Plaintiff was informed by senior management about Chromalloy's needs regarding the Facility (its operation still found on the web, with "Indeed" reviews posted as recently as March and April 2019[1]).

35. Plaintiff expressed his willingness to keep working at the Facility through the expiration of Chromalloy's lease.

36. Chromalloy's stated in its response to Plaintiff's EEOC Claim:

> *"In the spring of 2017, Chromalloy decided to close its facility in Middletown, New York, the facility where Mr. Krebs had worked for many years. It was anticipated that it would take a number of months to complete the closure process."*

37. Chromalloy further stated in its response to Plaintiff's EEOC Claim that it:

> *"Offered Mr.Krebs the option of accepting a different position at its Orangeburg, New York facility or remaining in his then current position in Middletown until it closed."*

38. Plaintiff was told he was needed at the Middletown facility because of his years of experience and he was both the Facility's Manager and Purchasing Manager.

39. In these positions, Plaintiff was critical to efficient closure of the Facility.

40. Plaintiff did not relocate to Chromalloy's Orangeburg location, because of what Chromalloy officials informed him were Defendant's various corporate needs.

41. In late 2018, Jim Langelotti (VP Finance) said during a telephone meeting with Plaintiff, "if the [Facility] lease isn't up for 2 years (December 2020), then let's drag it out over the next 24 months."

---

[1] Online reviews on "Indeed: of regarding Chromalloy's Middletown operation (the Facility) include one as follows:
    MACHINE OPERATOR (Former Employee) –  Middletown, NY – April 22, 2019
    "***The management was very professional and fair with their employees. Enjoyed working here."
Thus, it appears that Mr. Krebs' work there resulted in Chromalloy's looking good to the outside world. In contrast, note that the Indeed reviews did NOT have favorable comments regarding Chromalloy's HR Department (as run by Ms. Saundra McGuckian).

42. Based on Langelotti's comment about dragging the closure out for 2 years, and comments from the project manager that "Tim's wish was coming true," Plaintiff chose to remain (and was allowed to remain) at the Facility. (Project Manager Brian Nelson even joked with Plaintiff about how lucky Plaintiff was to stay at the Facility for another 2 years.)

43. Plaintiff spoke with Dee Sinski, East Coast Regional HR Manager, who told him that under the circumstances Plaintiff would receive severance pay if he decided to retire.

44. Later, however, to Plaintiff's complete surprise, Plaintiff was told by Saundra McGuckian (after the fact) that this assurance of severance pay by Ms. Sinski was "incorrect."

45. This "after the fact" statement, utterly contrary to Plaintiff's understanding of the express and implied agreements he had with Defendant, was very distressing to Plaintiff.

46. Thereafter, Plaintiff wrote a letter and email to President Brian Costa but received no response.

47. Soon thereafter, Plaintiff started having panic attacks, anxiety and feeling undue stress.

48. Ms. McGuckian attempted to pressure Plaintiff into making a decision that contradicted what Defendant had previously agreed with Plaintiff. She was bullying Plaintiff, fully aware of his disabilities and vulnerabilities.

49. Chromalloy's management, including Director of Operations, Sean Morrison and Project Manager, Brian Nelson, appeared to be in full agreement that Plaintiff would remain at the Facility in Middletown, and then retire with a severance if retirement was what Plaintiff desired to do.

50. It was only the new and uninformed HR person, Ms. McGuckian, who stated, after the fact, that she regarded Plaintiff's staying employed with Chromalloy at its Middletown

facilities as "a resignation." This was an unreasonable assumption on Ms. McGuckian's part.

51. Plaintiff's understanding was that he was simply following through with working on dismantling the Facility in Middletown, as this is what he was involved in from "day one" after the closure was announced.

52. Moreover, Plaintiff was working very productively at the Facility, including arranging for the sale for Defendant of close to a million dollars' worth of now-excess or otherwise "to be discarded" equipment, to Defendant's financial benefit. These efforts were "above and beyond" what Plaintiff's job required, and thus he should be compensated *in quantum meruit* for the economic benefits received by Defendant.

53. When Chromalloy's Sean Morrison (Director of Operations) came to the Middletown Facility to release Plaintiff from his duties, Plaintiff refused to sign a proffered resignation letter.

54. Due to his 27+ years of loyal service to Chromalloy, Plaintiff believed that Chromalloy would "do the right thing."

55. Chromalloy did not "do the right thing."

56. Yet, upon information and belief, under Chromalloy's published severance policy, Plaintiff was eligible for severance.

### E. Disparate treatment due to age and perceived disability—the discriminatory denial of severance

57. Upon information and belief, several employees got retention bonuses, monthly stay pay bonus and severance pay and some may still work for Chromalloy at its Orangeburg, New York location.

58. These employees include Rob T. and Dave B. (last names to be provided upon request).

59. Chromalloy's Middletown Facility human resources official, Marita Lally (a much younger woman), also received a severance, and then ended up working part time at Chromalloy's Orangeburg facilities.

60. Several employees at Chromalloy's Middletown Facility were asked if they had any interest in transferring to Chromalloy's Orangeburg location. When they replied with a "no," they received a Chromalloy severance. Each was much younger than Plaintiff.

61. Corroborating the unfair and discriminatory treatment, Chromalloy's NE regional HR manager Dee Sinski expressed her opinion that: "Tim [Plaintiff] is getting screwed."

62. HR Regional Manager Sinski told Plaintiff that once it was decided that he not to go to Orangeburg, but should stay at the Facility in Middletown, that he would receive a monthly stay pay bonus, retention bonus and severance pay (if he decided to retire). And that he would also be entitled to unemployment insurance.

63. These were discriminatory misrepresentations by Ms. Sinski.

64. Plaintiff was induced not to transfer to Orangeburg after VP of Finance Jim Longellotti said that "if the lease is not up for two years, then lets drag the shutdown out over two years," which statement reasonably misled Plaintiff into believing that Chromalloy desired that he remain at its Middletown Facility until the end of 2020.

65. This was a material misrepresentation by Mr. Longellotti, motivated by unlawful discrimination.

66. Plaintiff Krebs was an older worker who, upon information and belief, was replaced by a much younger, non-disabled worker.

67. Plaintiff Krebs suffered from ADA-recognized disabilities (and Defendant's

perception thereof, based in part on Defendant's records reflecting disability).

68. Based upon the above, Defendant (including defendants Chromalloy Gas Turbine LLC, Chromalloy Inc., Sequa Corporation and The Carlyle Group) had, upon information and belief, one or more job position into which Plaintiff was qualified for, and which position(s) should have been offered to him, and would have been offered to him but for his age and perceived health problems.

69. Plaintiff received a Notice of Right to Sue from the U.S. EEOC within 90 days from the date of filing of this action, and therefore his federal claims are timely.

**FIRST CAUSE OF ACTION—**
*AGE DISCRIMINATION IN VIOLATION OF THE*
*AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA"),*
*29 U.S.C. § 621 et seq.*

70. Plaintiff hereby repeats and reiterates each of the allegations above as if fully repeated here at length.

71. Upon information and belief, but for Plaintiff's age, Defendant would not have had such animus regarding Plaintiff's disabilities and perceived disability.

72. Upon information and belief, but for Plaintiff's age, Defendant would have located a new job position for him after its closure of its Middletown Facility.

73. Upon information and belief, a reasonable jury will find Plaintiff's age to be a "but for" cause of his termination, together with Defendant's disability animus.

74. Plaintiff has been damaged thereby.

75. Under the ADEA, Plaintiff is also entitled to liquidated damages.

**SECOND CAUSE OF ACTION —**
*DISABILITY DISCRIMINATION IN VIOLATION OF THE*
*AMERICANS WITH DISABILITIES ACT ("ADA"),*
*42 U.S.C. § 12101 ET. SEQ.*

76. Plaintiff's repeats and reiterates each of the allegations above as if fully repeated

here at length.

77. The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq., enforceable under 27 U.S.C. § 1331 and 1343(4), protects individuals from employment discrimination based upon physical or mental disability, or based upon being perceived as or having a record of such disability.

78. Plaintiff had one or more psychological and physical disabilities known to Defendant—namely, a stroke, and the physiological and psychological aftereffects of such,—which illnesses, separately and together, substantially limited one or more major life activities of Plaintiff; or perceived to limit such by Defendant, as reflected in Defendant records.

79. Because of his age and perceived disability (or actual disability, and Defendant's record of such), Plaintiff suffered a refusal to accommodate and adverse job action including job termination.

80. Upon information and belief, absent Plaintiff's stroke, Defendant would have found a new job for Plaintiff within the Defendant's nationwide organization, and offered such to Plaintiff.

81. Defendant's deeming Plaintiff as having "resigned" was a pretext for unlawful discrimination.

82. Plaintiff was damaged thereby.

### *THIRD* CAUSE OF ACTION — *RETALIATION*

83. Plaintiff's repeats and reiterates each of the allegations above as if fully repeated here at length.

84. Plaintiff's reported and objected to unlawful discrimination against Plaintiff and others, and had an objective and reasonable belief that defendant was engaged in conduct

unlawful under the ADA and ADEA.

85. Plaintiff opposed such unlawful conduct by making good faith claims or complaints of discrimination to defendant.

86. As a consequence, defendant engaged in adverse treatment of Plaintiff.

87. Plaintiff was damaged thereby.

### FOURTH CAUSE OF ACTION — NEW YORK STATE LAW CLAIMS

88. Plaintiff's repeats and realleges each of the allegations above as if fully repeated here at length.

<u>Unlawful Age and Disability Discrimination under N.Y.S. Human Rights Law</u>

89. Defendant's disparate treatment of Plaintiff on the basis of his age and perceived disability was in violation of the New York State Human Rights Law. *See*, N.Y.S. Exec. Law s. 296 et seq.

90. Plaintiff was damaged thereby.

<u>Breach of Contract</u>

91. Defendant's express and implied promises to Plaintiff, and breach of such promises, constituted a breach of contract by Defendant.

92. Plaintiff was damaged thereby.

<u>Intentional and Negligent Infliction of Mental Distress</u>

93. Defendant's actions violating its express and implied promises to Plaintiff, and actions that appeared designed to prey on Plaintiff's disabilities and vulnerabilities, constituted intentional and/or negligent inflictions of mental distress.

94. Plaintiff was damaged thereby.

<u>Unjust Enrichment/ *in quantum meruit* and Negligent Infliction of Mental Distress</u>

95. Plaintiff performed services for Defendant beyond his contractual obligation, including but not limited to the sale of salvaged and excess Facility equipment, thus benefitting Defendant, which benefits Defendant accepted but for which Defendant did not compensate Plaintiff.

96. Plaintiff is entitled to appropriate compensation *in quantum meruit.*

97. Plaintiff was damaged thereby.

## *DEMAND FOR JURY*

*Plaintiff hereby demands trial by jury in this action.*

WHEREFORE, Plaintiff prays that this Court grant judgment containing the following relief:

a) An award of Plaintiff's actual damages in an amount to be determined at trial for loss of wages, benefits, and severance, including back pay and front pay compensating Plaintiff for loss of past and future salary and benefits, including severance;

b) An award of damages to be determined at trial to compensate Plaintiff *in quantum meruit*, and also for mental anguish, humiliation, embarrassment, and emotional injury;

c) An award of liquidated and punitive damages;

d) An order enjoining defendants from engaging in the wrongful practices alleged herein and to reinstate Plaintiff's employment with Defendant;

e) An award of reasonable attorneys' fees and the costs of this action; and

f) Such other and further relief as this Court may deem just and proper.

Dated: Stony Point, New York
April 7, 2021

/S/
MICHAEL D. DIEDERICH, JR.
*Attorney for Plaintiff* MD 2097
361 Route 210
Stony Point, NY 10980
(845) 942-0795
Mike@DiederichLaw.com

Attachments
Exhibit "1" – Right to Sue Letter

EEOC Form 161 (11/16)     **U.S. Equal Employment Opportunity Commission**

## Dismissal and Notice of Rights

| To: | Timothy Krebs<br>8 Taylor Road<br>Warwick, NY 10990 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2019-06034 | **Christopher Y. Fuentes,** Investigator | (929) 506-5300 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)        **Judy A. Keenan,** District Director        *(Date Mailed)*

cc:

**CHROMALLOY GAS TURBINE LLC**
330 Blaisdell Road
Orangeburg, NY 10962

**Michael D. Diederich, Esq.**
DIEDERICH LAW OFFICE
361 Route 210
Stony Point, NY 10980

COMPLAINT EXHIBIT "1"

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------
TIMOTHY KREBS,
                     Plaintiff,

    -against-

                                                                  **Acknowledgement of Receipt by**
                                                                  **Mail of Summons and Complaint**

                                                                  Index No. 03187/2021

CHROMALLOY GAS TURBINE, LLC.,
CHROMALLOY INC. ,SEQUA CORPORATION,
BRIAN COSTA, AND THE CARYLE GROUP,

                     Defendants.
-------------------------------------------------

### A. STATEMENT OF SERVICE BY MAIL

To:    Chromalloy Gas Turbine, Llc.,
         Chromalloy Inc. ,Sequa Corporation,
         Brian Costa, And The Caryle Group
         c/o Counsel
         Amanda B. Saunders, Esq.
         Deputy General Counsel
         Chromalloy Gas Turbine, LLC
         330 Blaisdell Rd
         Orangeburg, NY 10962

The enclosed summons and complaint are served pursuant to section 312-a of the Civil Practice Law and Rules .
To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgement part of this form and mail or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it. You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the summons and complaint, or summons and notice, or notice of petition and petition in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you.

If you have received a complaint or petition with this statement, the return of this statement and acknowledgement does not relieve you of the necessity to answer the complaint or petition. The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgement.

*Krebs v Chromalloy Inc. and Sequa Corporation, Index No. 03187/2021*

## B. ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I received a complaint in the above-captioned matter at:

__330 Blaisdell Rd, Orangeburg, NY 10962__

PLEASE CHECK ONE OF THE FOLLOWING:
IF 2 IS CHECKED, COMPLETE AS INDICATED:
1. [X] I am not in military service.
2. [ ] I am in military service, and my rank, serial number and branch of service are as follows:

Rank _____

Serial Number _____

Branch of Service _____

### TO BE COMPLETED REGARDLESS OF MILITARY STATUS:

Date: __April 29, 2021__
(Date this Acknowledgement is executed)

I affirm the above as true under penalty of perjury.

__/s/ Amanda S__
Signature

__Amanda B Sanders__
Print Name

__Chromalloy Gas Turbine LLC__
Name of Defendant(s)

__Deputy General Counsel & Assistant Secretary__
Position with Defendant for which acting (i.e., officer, attorney, etc.)

PLEASE COMPLETE ALL BLANKS, INCLUDING DATE
*Return completed form to:*
Diederich Law Office
361 Route 210, Stony Point, NY 10980
Tel. (845) 942-0795  email: Mike@DiederichLaw.com

*Form (3 copies) with complaint mailed to Defendant(s) with prepaid return envelope on April 14, 2021*