**PASHMAN STEIN WALDER HAYDEN**
A Professional Corporation
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601
(201) 488-8200
Samuel J. Samaro, Esq.
**Attorneys for Defendants,**
**Chromalloy Gas Turbine LLC,**
**Chromalloy, Inc.**
**Sequa Corporation.**
**Brian Costa, and The Carlyle Group**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY KREBS,<br><br>            Plaintiff,<br><br>v.<br><br>CHROMALLOY GAS TURBINE, LLC, CHROMALLOY, INC., SEQUA CORPORATION, BRIAN COSTA, and THE CARLYLE GROUP,<br><br>            Defendants. | Civil Action No.: 1:21-cv-04564<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES** |

Defendants Chromalloy Gas Turbine LLC, Chromalloy, Inc., Sequa Corporation, Brian Costa, and The Carlyle Group, hereby answer Plaintiff's Complaint as follows:

**AS TO "THE PARTIES"**

1. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

2. Denied.

3. Denied.

4. Denied.

5. Admitted.

6. Denied.

7. Admitted only that Brian Costa is the President of Chromalloy. The remaining allegations of this paragraph are denied.

8. Because Defendants deny that they are joint or integrated employers, the allegations of this paragraph are denied.

9. Admitted.

## AS TO "FACTUAL ALLEGATIONS"

10. Admitted.

11. Admitted.

12. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

13. Denied.

14. Admitted.

15. Denied.

16. Admitted.

17. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

18. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

19. Defendants are unable to respond to the allegations of this paragraph as phrased and thus the allegations are denied. Plaintiff is left to his proofs.

20. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

21. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

22. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

23. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

24. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

25. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

26. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

27. Denied.

28. Defendants deny that Plaintiff was the victim of disability bias. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations of this paragraph.

29. Denied.

30. Defendants are unable to respond to the allegations of this paragraph as phrased and thus the allegations are denied. Plaintiff is left to his proofs.

31. Denied.

32. Defendants are unable to respond to the allegations of this paragraph as phrased and thus the allegations are denied. Plaintiff is left to his proofs.

33. Defendants are unable to respond to the allegations of this paragraph as phrased and thus the allegations are denied. Plaintiff is left to his proofs.

34. Defendants are unable to respond to the allegations of this paragraph as phrased and thus the allegations are denied. Plaintiff is left to his proofs.

35. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

36. Admitted only that Chromalloy's response to Plaintiff's EEOC claim speaks for itself.

37. Admitted only that Chromalloy's response to Plaintiff's EEOC claim speaks for itself.

38. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

39. Defendants are unable to respond to the allegations of this paragraph as phrased and thus the allegations are denied. Plaintiff is left to his proofs.

40. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

41. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

42. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

43. Defendants are unable to respond to the allegations of this paragraph as phrased and thus the allegations are denied. Plaintiff is left to his proofs.

44. Defendants are unable to respond to the allegations of this paragraph as phrased and thus the allegations are denied. Plaintiff is left to his proofs.

45. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

46. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

47. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

48. Denied.

49. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

50. Defendants are unable to respond to the allegations of this paragraph as phrased and thus the allegations are denied. Plaintiff is left to his proofs.

51. Defendants are unable to respond to the allegations of this paragraph as phrased and thus the allegations are denied. Plaintiff is left to his proofs.

52. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph. Plaintiff is left to his proofs.

53. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph. Plaintiff is left to his proofs.

54. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in this paragraph. Plaintiff is left to his proofs.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegation that Ms. Sinski made the comment attributed to her.  The remaining allegations are denied.

62. Denied.

63. Denied.

64. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegation that Plaintiff believed that he would remain at Middletown until the end of 2020.  The remaining allegations are denied.

65. Denied.

66. Denied.

67. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegation that Plaintiff suffered from an ADA-recognized disability.  The remaining allegations are denied.

68. Denied.

69. Admitted.

**AS TO "FIRST CAUSE OF ACTION –
AGE DISCRIMINATION IN VIOLATION OF THE AGE
DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")"**

70.     Defendants repeat their answers to each and every allegation contained in the previous paragraphs as though set forth at length herein.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

**AS TO "SECOND CAUSE OF ACTION –
DISABILITY DISCRIMINATION IN VIOLATION OF THE
AMERICANS WITH DISABILITIES ACT ("ADA")"**

76.     Defendants repeat their answers to each and every allegation contained in the previous paragraphs as though set forth at length herein.

77.     This paragraph contains averments of law to which no response is required. However, to the extent the paragraph can be interpreted to contain any allegations of wrongdoing attributed to Defendants, the allegations are denied.

78.     Defendants are unable to respond to the allegations of this paragraph as phrased and thus the allegations are denied. Plaintiff is left to his proofs.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

**AS TO "THIRD CAUSE OF ACTION - RETALIATION"**

83. Defendants repeat their answers to each and every allegation contained in the previous paragraphs as though set forth at length herein.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

### AS TO "FOURTH CAUSE OF ACTION – NEW YORK STATE LAW CLAIMS"

88. Defendants repeat their answers to each and every allegation contained in the previous paragraphs as though set forth at length herein.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

### AFFIRMATIVE DEFENSES

Defendants further respond to the Complaint by stating that any allegation not expressly admitted herein is denied and, without assuming any burden of proof that would otherwise rest with Plaintiff, asserts the following separate and affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which Plaintiff's claim for damages may be awarded.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has named improper parties as defendants in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Recovery is barred in this action by principles of waiver, estoppel and consent.

### FOURTH AFFIRMATIVE DEFENSE

Recovery is barred, in whole or in part, by reason of the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Recovery is barred, in whole or in part, by Plaintiff's failure to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which punitive or liquidated damages may be awarded.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants did not violate any duty owed Plaintiff under common law, statute, regulation or standard.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees from the answering Defendants.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees from the answering Defendants.

### TENTH AFFIRMATIVE DEFENSE

Defendants' actions toward Plaintiff were based on good, sufficient and legal cause upon reasonable grounds for belief in their truth or justification, and were taken in good faith without malice.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants currently have insufficient knowledge and information on which to form a belief as to whether they may have additional, as yet unstated, defenses. Defendants reserve the right to assert additional affirmative defenses in the even that discovery indicates that such defenses would be appropriate.

**WHEREFORE**, Defendants demand judgment in their favor and against Plaintiff, dismissing the Complaint, and any claims arising therefrom, with prejudice, plus attorneys fees and costs and such other and additional relief as the Court deems equitable and just.

Dated: June 11, 2021

By: /s/ Samuel J. Samaro
         Samuel J. Samaro

**PASHMAN STEIN WALDER HAYDEN, P.C.**
Court Plaza South
21 Main Street, Suite 200
Hackensack, New Jersey 07601
*Attorneys for Defendants*
*Hackensack Board of Education*
*Chromalloy Gas Turbine LLC,*
*Chromalloy, Inc.*
*Sequa Corporation.*
*Brian Costa, and The Carlyle Group*